IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE: ) ) | |
| CLARK TURNER HOMES LLC ) ) | Case No. 15-25761 (DER) |
| ) | (Chapter 7) |
| **Debtor** ) ) | |
| ) | |
| JOSEPH J. BELLINGER, ) | |
| CHAPTER 7 TRUSTEE ) ) | |
| **Plaintiff,** ) ) | |
| v. ) | Adv. Proc. No. 17- |
| ) | |
| SMART ENERGY SYSTEMS, INC. ) ) | |
| **Serve:** ) | |
| **Ramon De La Mora, Resident Agent** ) | |
| **2303 Shoreham Ct Apt J** ) | |
| **Bel Air, MD 21015** ) ) | |
| **Defendant.** ) ) | |

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551**

Joseph J. Bellinger, Chapter 7 Trustee ("Trustee" or "Plaintiff") for debtor, Clark Turner Homes LLC (the "Debtor"), by and through counsel, Offit Kurman, P.A, hereby files this Complaint against Smart Energy Systems, Inc. ("Defendant"), and in support thereof, states:

**Jurisdiction and Venue**

1. Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 547, 550

and 551 of title 11 of the United States Code (the "Bankruptcy Code") to recover preferential transfers made to Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the District of Maryland pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Bankruptcy Rule 7004, and because the Defendant transacted and did business with the Debtor prior to the Filing Date (as defined hereinafter).

### Background

5. On November 12, 2015 (the "Filing Date"), the Debtor filed a voluntary Chapter 7 petition in this Court.

6. The Trustee has been appointed Chapter 7 Trustee for the Debtor's estate and serves in such capacity pursuant to 11 U.S.C. § 702(d).

### Facts

7. During the period on or within ninety (90) days before the Filing Date (the "Preference Period"), the Debtor operated its business, including issuing and authorizing payments to certain of its creditors by check, wire transfer or otherwise.

### COUNT I
### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. During the Preference Period, Debtor made the following transfers of an interest of the Debtor in property to or for the benefit of the Defendant totaling $10,900.00 (the "Transfers"):

| CHECK NO. OR EFT NO. | DATE | AMOUNT |
|---|---|---|
| 4702 | 9/25/2015 | $10,900.00 |

10. The Defendant was a creditor of the Debtor at the time of the Transfers pursuant to 11 U.S.C. § 101(10)(A).

11. At the time of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

12. The Transfers were made on account of an antecedent debt or debts owed by the Debtor to the Defendant before the Transfers were made.

13. The Transfers were made by the Debtor while it was insolvent.

14. The Transfers to the Defendant enabled the Defendant to receive more than it would have received (i) if the Debtor's case was a case under Chapter 7 of the Bankruptcy Code; (ii) if the Transfers to the Defendant had not been made; and (iii) if the Defendant had received payments of such debts as provided by the provisions of the Bankruptcy Code.

15. By reason of the foregoing, pursuant to Section 547 of the Bankruptcy Code, Plaintiff may avoid the full value of the Transfers from the Defendant.

**WHEREFORE**, Plaintiff demands judgment declaring that the Transfers to the Defendant constitute voidable preferential transfers pursuant to Section 547 of the Bankruptcy Code and awarding the Plaintiff such other and further relief as this Court deems just, proper, and equitable.

## COUNT II
### (For Recovery of Property - 11 U.S.C. § 550)

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547.

18. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

19. The Transfers constitute property of the Debtor's estate. Plaintiff is entitled to recover the full value of the Transfers pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment (i) preserving for the benefit of Debtor's estate the Transfers from the Defendant, or the value thereof, pursuant to Section 551 of the Bankruptcy Code; (ii) avoiding the Transfers and directing and ordering that the Defendant return to the Plaintiff, pursuant to Section 550 of the Bankruptcy Code, the full value of the Transfers, in the amount of $10,900.00, plus interest from and after the date the Transfers were made at the highest legally permissible rate; (iii) awarding the Plaintiff his costs and reasonable attorneys' fees; and (iv) awarding the Plaintiff such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: /s/ James M. Hoffman
James M. Hoffman (Bar No. 04914)
Stephen A. Metz (Bar No. 13720)
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20814
TEL: (240) 507-1710 (Hoffman)
(240) 507-1723 (Metz)
Email: jhoffman@offitkurman.com
smetz@offitkurman.com

Dated: November 9, 2017
4840-6670-7027, v. 1

*Attorneys for Joseph J. Bellinger, Trustee*